LEVINE *v.* BEEBE, Etc., et al.

[No. 235, September Term, 1964.]

*Decided April 15, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Thomas D. Washburne* for appellant.

*Samuel D. Hill,* with whom were *Dorothy T. Jackson, Buckmaster, White, Mindel & Clarke* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from judgments entered upon verdicts of a jury in favor of the plaintiffs Diane Beebe and Wesley Beebe, her father, in the Circuit Court for Baltimore County, in the respective sums of $2500 and $750. Sol Levine, defendant below, appealed.

At approximately 7:45 a. m. on November 11, 1960, a clear and dry day, appellant was driving his 1959 Chevrolet sedan in a southerly direction in the right lane of Orems Road located in the Essex area of Baltimore County. This road in the area of the accident was a level, macadam, two lane thoroughfare, 26 feet wide. It proceeded approximately north and south through a residential area with houses on both sides, but without sidewalks or curbs. Levine who had traveled this road many times and knew that children customarily waited along the road to board school buses, was driving his automobile within the posted speed limit of thirty miles per hour. He first saw Diane, six years of age, and her brother, Billy, a year older, standing in their graveled driveway near the west edge of Orems Road about 200 feet away as he rounded a curve. The school bus usually picked up the children across the road from their driveway or at the corner of Orems Road and Entrance Road. Appellant saw the school bus moving west on Entrance Road which enters Orems Road from the east approximately 100 to 150 feet south of the spot where the children were standing. Diane saw the school bus and started across the road. Billy saw the Levine car and called to her but it was too late because she had already started to cross the road. Appellant immediately applied his brakes and his car continued forward in a straight line strik-

ing Diane with the left front side of the car's grille and bumper. The vehicle came to a stop about 28 feet from the point of impact.

The school bus driver testified that he followed his usual route, having approached Orems Road from the east on Entrance Road. He stopped to see if traffic was coming from his left, looked to his right, saw Diane in the road and a car "coming at her with the front down like the driver already had applied his brakes." He saw the car hit her, knock her out of her shoes, roll her down the street 40 to 50 feet and the car stop 25 to 30 feet after the impact. Officer Messina, who investigated the accident, with Officer Krawczyk, testified primarily from the investigation records made by the latter. He located the point of impact from a plat, made by Officer Krawczyk, to be 118 feet north of Entrance Road. This diagram showed 46 feet of skid marks, 28 feet of which were after the point of impact, and that Diane was thrown 58 feet. It also placed the bus on Entrance Road. A police photograph admitted in evidence showed damage to the left front hood of appellant's car. As a result of the accident Diane suffered lacerations of the forehead and right eyelid, abrasions of both knees and the right buttock, together with assorted contusions.

The appellant first contends that the trial court should have granted him a directed verdict because he was not negligent and the infant appellee was guilty of contributory negligence as a matter of law. We do not agree. This case properly went to the jury on the question of appellant's primary negligence because of his admission that he was aware of the presence of the children near the roadside at a considerable distance from the point of the accident, had knowledge that a school bus was near the location on Entrance Road, saw that the children were looking toward the bus and should have realized the probability that they would be required to cross the highway for the purpose of boarding the bus. His duty was that of ordinary care under the circumstances but required more caution than if he had been approaching an adult standing beside the road. Although Diane was not on the road when he first saw her, she was standing near the road and the bus was coming, so that the potential aspect of her crossing the road in his path

was very real. A driver must accommodate his movement to children in potential as well as immediate peril. *Dorough v. Lockman,* 224 Md. 168, 167 A. 2d 129. Appellant admittedly did not decrease his speed or blow his horn.[1] Under the circumstances, whether or not he should have slowed down or given some warning of his approach, or both, presented a jury question as to his negligence.

As to the question of Diane's contributory negligence, this could not have been determined in an abstract way, but relatively as it might be connected with, and dependent upon, the duty and obligation of the defendant, which was for the consideration of the jury. *Dilley v. Transit Co.,* 183 Md. 557, 39 A. 2d 469. Primary negligence and contributory negligence are interrelated or relative so that the question of primary negligence of the driver and contributory negligence of the child had to be considered together. Diane was a small child, six years old, and could only be held to that care expected of one of her age and experience.

The case is a borderline one. It comes very close to fitting in the category of the long line of child-darting-in-front-of-motorist cases, which are illustrated by *Richardson v. Scott,* 232 Md. 490, 194 A. 2d 288 and *Dorough v. Lockman, supra.* We have no intention to recede from the holdings in those cases. But we think the fact that appellant knew the bus picked up the children on the opposite side of the road from where he saw them standing and actually saw the bus near its pick-up

---

1. Code, 1957, Article 66½, § 211 (e) provided in pertinent part:
"The fact that the speed of a vehicle is lower than the foregoing prima facie limits shall not relieve the driver from the duty to decrease speed * * * when special hazard exists with respect to pedestrians * * * and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."
Likewise, § 293 (a) of the same Article provided:
"* * *. The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn, but shall not otherwise use such horn when upon a highway."

location distinguishes this case from the line of cases mentioned above, and justified submitting the questions of primary and contributory negligence to the jury. Cf. *State, Use of Taylor v. Barlly,* 216 Md. 94, 140 A. 2d 173.

The appellant next contends that the instruction of the trial court regarding a reduction of speed, sounding his horn, or both, and the failure to define proximate cause was prejudicial error. The court's instruction set out in detail the three elements the jury must find to bring in a verdict for the plaintiff. He said in part:

> "* * * the only circumstance under which you can bring in a verdict in favor of the plaintiff in this case is if you believe from the evidence that each and every one of the three following elements are shown to exist: that the evidence persuades your mind that the defendant as a reasonably prudent person, one, should reasonably have anticipated and expected that the child would cross the road as she did; two, that he should reasonably have reduced his speed or sounded his horn or both; three, that if he had done either or both, the collision would have been avoided."

Failure to slow down or blow his horn under the circumstances was a proper basis for submitting the case to the jury. The concept of proximate cause was clearly interpreted or explained in the third requirement, that the collision could have been avoided had he done either or both. *Aravanis v. Eisenberg,* 237 Md. 242, 257-258, 206 A. 2d 148.

The appellant argues that the trial court committed prejudicial error in refusing certain instructions requested by him. Upon examination of the record, we find that Judge Menchine in his charge adequately covered the areas encompassed by the requested instructions. We find no merit in the appellant's final contention that the investigating officer's plat of the accident scene and the testimony of Officer Messina as to skid marks shown thereon, should not have been admitted in evidence. The plat was admissible under Code (1957), Article 35, Section 59.

*Judgments affirmed, with costs.*