185 So.2d 718 (1966)
Arthur WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-823.
District Court of Appeal of Florida. Third District.
May 3, 1966.
Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
BARKDULL, Judge.
Appellant seeks review of a conviction and sentence of 15 years in the State penitentiary.
An information was filed charging him with the crime of robbery. He pleaded not guilty to the charge and waived a jury trial. At the trial, the court entered into evidence [over objections] a typewritten transcript of an interrogation of him, held in connection with a robbery of one Kayo Oil Co. The transcript was not shown to the appellant, nor was it read to him or signed by him. At the conclusion of all the evidence, the trial court found the appellant guilty and entered the judgment and sentence appealed.
The appellant contends the trial court committed reversible error in admitting into evidence the stenographer's transcribed record of a police interrogation as his confession, when said was not read nor acknowledged by him prior to its introduction into evidence. We agree and reverse the conviction for a new trial.
It is indisputed that the appellant did not read the stenographer's record after it was transcribed nor did he sign or adopt it in any way as his own statement. The transcribed record was a statement or memorandum of the stenographer as to what the appellant said, but was not a statement of the appellant and, consequently, was not admissible in evidence as such. 23 C.J.S. Criminal Law § 833, pp. 237-238, states the *719 applicable law on the admissibility of a written confession made by a defendant:
"If a person orally confesses to a crime, and his statement or words are reduced to writing by another person, the resulting written instrument is not admissible as a written confession until the confessor acknowledges the correctness of the writing. A written confession may be admissible if written or signed by the confessor, or if it was read to or by him, and acknowledged to be correct.
"If a statement purporting to be a confession is given by accused, and is reduced to writing by another person, before the written instrument will be deemed admissible as the written confession of accused, he must in some manner have indicated his acquiescence in the correctness of the writing itself. If the transcribed statement is not read by or to accused, and is not signed by accused, or in some other manner approved, or its correctness acknowledged, the instrument is not legally, or per se, the confession of accused; and it is not admissible in evidence as the written confession of accused. The written instrument constitutes merely a memorandum of what was said, and the only confession that does exist is the oral confession of accused. The oral testimony of witnesses is the only admissible evidence of the purported confession."
2 Wharton's Criminal Evidence, § 340, p. 19 (12th Ed. Anderson, 1955) states:
"When an oral confession is taken down stenographically and then transcribed, the admissibility of the transcript in evidence when it was neither read to nor shown to the accused between the making of such transcript and its offer in evidence is generally denied."
2 Jones on Evidence, § 390, p. 742 (Grad 5th Ed. 1958) states:
"When a purported confession is written it may be admissible through unsigned. But a statement taken down by a reporter and transcribed cannot be admitted as a written confession unless it has been read or shown to the declarant and acknowledged as correct."
23 A.L.R., 2d Anno. "Admissibility in Evidence of Unsigned Confession" 919, collects some of the major case authorities concerning the issue involved in the instant case and states:
"An examination of other cases involving oral confessions transcribed by third persons indicates that where the transcript was later read or shown to the accused and he acknowledged its accuracy, such confession, though unsigned, is generally held to be admissible; that admission is generally denied where the transcript is never read by or to the accused or is never shown to him; that where it is read or shown to, but not acknowledged by, the accused, admission is also denied." Id. at 926.
"Where the oral confession of one accused of crime is taken down stenographically and then transcribed, the admissibility of the transcript in evidence where it was neither read to nor shown to the accused between the making of such transcript and its offer in evidence is generally denied." Id. at 928.
In Florida, the law is well-settled that a confession need not be reduced to writing and that any person who has heard a Defendant orally confess may testify to the confession. See: Morris v. State, 1930, 100 Fla. 850, 130 So. 582. A written confession is admissible in evidence although it is not signed by the Defendant, so long as the Defendant reads the statement and adopts it as his own. See: Patterson v. State, 1946, 157 Fla. 304, 25 So.2d 713; Haines v. State, 1946, 158 Fla. 9, 27 So.2d 414. However, an oral statement transcribed by a third party which is not read to or adopted by the Defendant is inadmissible in evidence. See: Jenkins v. State, 35 Fla. 737, 18 So. 182.
*720 Therefore, the conviction here under review is hereby reversed, and the appellant is remanded to the trial court for the purpose of a new trial.
Reversed and remanded with directions.