ALINA, ET AL. *v.* RASCHKA

[No. 350, September Term, 1968.]

*Decided June 30, 1969.*

414

*Motion for rehearing filed July 30, 1969; denied September 8, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Joseph F. Lentz, Jr.,* with whom were *Monfred & Lentz* on the brief, for appellants.

*Delverne A. Dressel,* with whom was *Emanuel H. Horn* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

On October 13, 1966, an automobile driven by the appellee John E. Raschka, struck the infant appellant Raclis S. Alina. The appellant Mary Elizabeth Alina, individually and as Raclis' mother and next friend, brought this action for damages arising as a result of the injuries sustained by the child. A jury trial was held on September 19, 1968, in the Circuit Court for Baltimore County. At the end of the appellants' case, the lower court granted the appellee's motion for a directed verdict and held as a matter of law that the appellants had failed to make out a prima facie case of negligence against Raschka. After a motion for a new trial was denied and judgment entered against them, the Alinas noted an appeal to this Court.

At approximately 2:25 p.m. on October 13, 1966, Raclis, who was then three and one-half years old, ran from behind a hedge located in front of his grandmother's house at 1417 Vesper Avenue into the street and was hit by Raschka's automobile. It was a sunny, warm day and the avenue, which was approximately twenty feet wide, was dry. Because of the heat, the blacktop or macadam road surface was soft.

The appellants called the appellee as their witness to establish the details of the accident. Raschka related that he lived at 1409 Vesper Avenue, and that at the time of the accident he was returning home with his son from a nearby bicycle shop. As he drove north on Vesper, there was only one car parked to his right and his view after passing that car was clear for approximately 600 feet to the point of impact. Across the street from the house in front of which the child was injured, there is a school. The appellee admitted that at times he had seen children playing and running in the street. He further testified that on two previous occasions he had taken Raclis out of the road and that he knew that certain neighbors had also done the same. Mr. Raschka stated: "Well, this child has a habit of running out in front of cars."

As he was traveling on Vesper Avenue at a speed of twenty miles per hour, the appellee first saw Raclis run out from behind a thick hedge about five feet in height, located in front of the child's grandmother's house. The hedge was approximately ten feet from the street. Raschka testified that when he first saw the boy, he was "about two car lengths back" and that he immediately slammed on his brakes when it became apparent that the boy was coming into the street. Appellee's vehicle left forty-nine feet of skid marks from his left rear wheel, but apparently none from the right rear wheel. He did not sound his horn as he attempted to bring his automobile to a stop, and he did not swerve his car to the left or right to avoid striking the child.

Officer Gary Witt, a Baltimore County policeman who investigated the accident, was also called as a witness

by the appellants. Officer Witt testified that the speed limit on Vesper Avenue was twenty-five miles per hour. Due to the surface condition of the road which was soft due tò the heat, he was unable to state the exact speed at which Raschka's vehicle was traveling, but he could state that the appellee was operating his car at "not an excessive speed . . . ." Although he testified that appellee's vehicle left only one skid mark, Officer Witt acknowledged that his official report indicated that there were no apparent mechanical defects in the vehicle, including the brakes.

On appeal, the issue is whether the lower court erred in granting a directed verdict in favor of the appellee. The appellants urge that the evidence presented was sufficient to permit a jury to find negligence on Raschka's part in (a) failing to reduce his speed when approaching the area in which the accident occurred; (b) failing to apply his brakes when he first noticed the infant; (c) failing to reduce his speed at or near a school zone; (d) failing to sound his horn; (e) driving an automobile with defective brakes; (f) failing to turn his automobile to the left in order to avoid striking the child; (g) operating his vehicle across the center of the road; and (h) appellants also argue that the appellee should have been permitted to answer a question pertaining to the time in which he should have applied his brakes. This Court finds no merit in any of these contentions and will affirm the judgment entered by the lower court after granting a directed verdict for the appellee.

## (a) (b) (c)

Since the appellants' arguments (a), (b) and (c) all pertain to a reduction of speed, we shall discuss these three together. It is well established in Maryland that a driver must exercise a high degree of caution when driving in a residential area where children are known to be. *Mulligan v. Pruitt,* 244 Md. 338, 223 A. 2d 574; *Levine v. Beebe,* 238 Md. 365, 209 A. 2d 67; *Richardson v. Scott,* 232 Md. 490, 194 A. 2d 288; *State, Use of Taylor v. Barlly,*

216 Md. 94, 140 A. 2d 173. Yet the fact that a motorist was familiar with an area and knew that children played on lawns or in the street on prior occasions has not precluded a directed verdict in favor of the motorist in other "dart out" cases. *Willey v. Glass,* 242 Md. 156, 218 A. 2d 212; *Richardson v. Scott, supra.* This Court has stated on numerous occasions that if a child darts out in front of an approaching vehicle when the driver is traveling at a reasonable rate of speed and obeying the rules of the road so that with the exercise of due care he is unable to avoid hitting the child, the driver is not liable for any injuries sustained by the child. *Willey v. Glass, supra; Buscemi v. Bensel,* 236 Md. 651, 205 A. 2d 219; *Richardson v. Scott, supra; Lenehan v. Nicholson,* 214 Md. 414, 135 A. 2d 447; *Cocco v. Lissau,* 202 Md. 196, 95 A. 2d 857.

In the instant case, the appellee testified that he was traveling at a speed of twenty miles an hour, five miles below the speed limit. Officer Witt corroborated the fact that Raschka was not traveling at an excessive speed. There was no testimony that at the time of the accident the appellee observed children playing in the street or immediately adjacent thereto. Had such been the case he may have been required to reduce the speed of his vehicle even further. See *Buscemi v. Bensel, supra; Brantner v. Watkins,* 227 Md. 626, 177 A. 2d 873; *Richardson v. Scott, supra.* While there may be an instance where proceeding at a rate below the speed limit constitutes negligence, this Court cannot say that the appellee was negligent in operating his vehicle at a speed of twenty miles per hour. The appellants maintain that the appellee was negligent in not applying his brakes when he first noticed the infant. This argument has no merit. Raschka testified that when he was about "two car lengths back" he first saw the boy who ran from behind the hedge for approximately ten feet to the edge of the road, where he continued into the roadway until struck by the appellee's vehicle. In *Richardson v. Scott, supra,* this Court commented:

"The appellants claim that the little girl standing on the grass plot with a background of the green hedge must have been in plain view of the appellee and, therefore, the appellee should have taken proper action to avoid striking the child should she leave the place of safety and move either in front of or against the front portion of the car. Miss Scott had noticed Sue Ann on one prior occasion when the child, with other children, was in the street in the vicinity of her home. She had noticed the child in her own yard on a second prior occasion when she traversed the street. On the third occasion, when the accident occurred, seeing no children in the street and devoting her attention to the street ahead of her which was her primary duty, she, we think, can not be legally held to be negligent in not anticipating that the child, even if it had been seen by her as she approached, would either leave the grass plot and walk or run into the path of her car as she reached the entrance of the driveway." 232 Md. at 495, 194 A. 2d at 291.

Similarly in *Mumford v. United States,* 150 F. Supp. 63 (D.C. Md., 1957), an eight year old boy rode his bicycle across a residential street from a driveway in the middle of the block into the path of an approaching truck traveling approximately twenty-five miles per hour. Granting a judgment for the defendant, Chief Judge Thomsen, speaking for the court stated:

"If in fact the boy started to ride down the driveway from the parking lot, the driver could have seen him as soon as he came out from behind the house, some 37 feet from the curb, provided his attention had been directed to that point at that time; but the driver would have had the right to assume that the boy would turn to the right or to the left on the sidewalk or in

the empty street and would not ride straight across in front of the truck. *Belle Isle Cab Co. v. Pruitt,* 187 Md. 174, 49 A. 2d 537; *R. & L. Transfer Co. v. State,* 160 Md. 222, 153 A. 87. If the boy was riding on the sidewalk, the driver had even less reason to expect the boy to turn into the street and to ride entirely across it without looking. The driver was proceeding at a moderate speed and had his truck under control. It was not his duty to sound his horn every time he saw a boy on a bicycle; but it was his duty to sound his horn or to take other appropriate measures to avoid an accident as soon as he saw, or should have seen, that the boy was entering the street without looking at the truck." 150 F. Supp. at 66.

Appellant's contention that Raschka was negligent in failing to reduce his speed in a school zone also lacks merit since the school was apparently in session and was protected by a fence with a locked gate. See *Rodriguez v. Lynch,* 246 Md. 623, 229 A. 2d 83, where we indicated that even a sign marked "School Crossing" would have little meaning during the summer vacation.

### (d)

Next, the appellants contend that Raschka was negligent in not sounding his horn. In light of the fact that the evidence established that the appellee first saw the boy when he was "about two car lengths back," the absence of any sounding of the horn could not be considered as a proximate cause of the accident. As indicated in our per curiam opinion in *Bess v. Quinn,* 231 Md. 540, 542, 191 A. 2d 243, 244, where a boy darted out between two parked automobiles: "If there had been time to blow the horn when he saw Michele's head, the warning would have been futile in view of the child's running and the immediacy of the impact." We conclude that Raschka was not negligent in devoting his energy to stopping his automobile. See *Mumford v. United States, supra.*

### (e)

The Alinas' fifth contention is that the appellee was negligent in driving an automobile with defective brakes at the time of the accident. They urge that the forty-nine feet of skid marks left only by the left rear tire was sufficient evidence to allow this issue to go to the jury. However, they offered no expert testimony and we conclude that the lower court correctly refused to permit a jury to speculate on the effectiveness of the vehicle's brakes on a road surface that was soft from the heat and slightly crowned. Raschka testified that his brakes had been inspected approximately one month prior to the accident and that he had not had any trouble with them. Officer Witt testified that his official report concerning the accident indicated that there were no apparent mechanical defects in the appellee's vehicle.

### (f) (g)

Next, the appellants urge that the appellee was negligent in not turning to avoid the collision and that he was operating his automobile in the center of the road. Both contentions lack substance. As to the first of these points the appellants are situated similarly to the unsuccessful plaintiff in *Rodriguez v. Lynch, supra,* where this Court observed: "Rodriguez makes much of the fact that Lynch did not swerve to the right or to the left. There is nothing in the evidence to show that either course, right or left, would have mitigated or avoided the collision." 246 Md. at 627, 229 A. 2d at 85. There was no such showing in the present case, and we hold that the lower court properly refused to permit the jury to engage in speculation and conjecture. As to the second of these points, there was no evidence produced at trial which showed that appellee's driving in the center of the road was a proximate cause of the accident. As this Court concluded in *Cocco v. Lissau, supra,* another case of a child darting out in front of an automobile:

"In this particular case defendant cannot be

charged with negligence for driving in the center of the road, because the fact that he was driving in the center was not the direct and proximate cause of the accident. As a matter of fact, a person darting into the road from . . . the east side of the road, would be more likely to be struck by a car traveling on the east side of the road than by a car traveling in the center, because the driver would have more chance to see him and to slow down or turn aside to avoid hitting him." 202 Md. 199-200, 95 A. 2d at 859.

### (h)

Finally, appellants complain that the lower court erred in not allowing the appellee to answer the question "Well, you had time to apply your brakes didn't you?" Assuming, without deciding, that this question did not call for a conclusion of the witness and was proper, the court's refusal to allow an answer was at most harmless error. Our reasoning in *Willey v. Glass, supra,* ruling upon the admissibility of certain evidence, is apposite: "its admission into evidence did not amount to reversible error because as we point out later there was offered no legally sufficient proof of primary negligence." 242 Md. at 162, 218 A. 2d at 215-16. After a careful review of the record, this Court has determined that there was a total absence of legally sufficient evidence that the appellee was driving at an excessive speed, or that he was reckless or otherwise violated the rules of the road, or that he could have avoided striking the child by the exercise of due care. Since the appellants failed to make out a prima facie case of primary negligence on Raschka's part, the lower court properly directed a verdict in appellee's favor. *Willey v. Glass, Buscemi v. Bensel, Richardson v. Scott, Lenehan v. Nicholson,* all *supra.* See *Brantner v. Watkins, supra; Finlayson v. Gruzs,* 222 Md. 192, 159 A. 2d 864; and *Cocco v. Lissau, supra.*

*Judgment affirmed. Costs to be paid by appellants.*