MORRIS, Infant, by Marvis W. Morris, Her Mother and Next Friend, ET AL. *v.* WILLIAMS

[No. 421, September Term, 1969.]

*Decided July 8, 1970.*

626

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*James R. Avnet*, with whom was *Herman Shapiro* on the brief, for appellants.

*Thomas G. Young, III*, with whom were *Anderson, Coe & King* on the brief, for appellee.

PER CURIAM.

Once again this term we are asked to review a trial court's direction of a verdict for a defendant whose automobile struck a child. On our review of the particular facts we conclude that the case was correctly classified as a "dart-out", and the trial court's action must be affirmed.

Appellee, Prince Edward Williams, was driving west on Chase Street in Baltimore on October 10, 1966. It was about 5:30 p.m. and he was proceeding on this straight, level street at a rate five to ten miles per hour below the twenty-five mile per hour speed limit. A school with a fenced playground occupied the entire north side of the block of Chase Street between Wolfe Street on the west and Washington Street on the east. Although school was no longer in session, appellant Levette C. Morris, eight years old, was on that playground with some other children. Four steps led downward from the playground to a fourteen foot wide sidewalk along Chase Street. When Levette's older sister began chasing her with a tennis racket, Levette fled from the playground, down the steps, across the sidewalk and eight feet out into Chase Street, where she was struck by appellee's car. The ac-

cident occurred a substantial distance east of the intersection of Chase and Wolfe Streets. Levette did not pause nor look before she ran into the street, and in fact kept on running even though her sister called to her to stop. Neither she nor her sister saw appellee's car until it actually struck her.

At trial in the Superior Court of Baltimore City, defendant did not testify as to how the accident happened, because he was not called as an adverse witness. He rested at the conclusion of the plaintiff's case without offering any evidence, moving for a directed verdict. As the trial judge reserved her ruling on the motion and submitted the case to the jury, it became a motion for judgment n.o.v. under Maryland Rule 563. After the jury returned a verdict in favor of the plaintiff, awarding $5,000 total damages, Judge Jones granted judgment n.o.v. in favor of the defendant.

The law applicable in this type of case has been reviewed by us recently with such frequency it need not here be examined at great length. *Dawson, Adm'r v. Christopher*, 258 Md. 413, 265 A. 2d 906 (1970) ; *Faulkner v. Cummings*, 256 Md. 552, 261 A. 2d 468 (1970) ; *Spence v. Wiles*, 255 Md. 98, 257 A. 2d 164 (1969). It is sufficient to observe that when a child is struck by an automobile, in an area of the street where vehicles normally have the right of way, some unusual or special set of circumstances beyond the child's darting out must be shown in order to establish some evidence of negligence and prevented a directed verdict for the driver. Such unusual circumstances have been held to exist where there was evidence of excessive speed, *Mulligan v. Pruitt*, 244 Md. 338, 223 A. 2d 574 (1966), *State, Use of Taylor v. Barlly*, 216 Md. 94, 140 A. 2d 173 (1958), or where a prudent driver would have recognized the probability that the infant plaintiff would cross the street to board an arriving school bus. *Levine v. Beebe*, 238 Md. 365, 209 A. 2d 67 (1965). Absent these or similar extraordinary features, no basis for primary negligence of the driver may be found. *See Alina v. Raschka*, 254 Md. 413, 255 A. 2d 76 (1969) and cases cited therein.

628

Appellant relies on *Levine v. Beebe, supra,* in attempting to distinguish this case from the "dart-out" cases. She contends that the facts here are similar to *Levine* in that both drivers were or should have been aware of the presence of the children and the probability that they would enter the street, thus requiring a reasonable driver to give warning, reduce his speed or take other appropriate precautions. She points to the fact that because his view along Chase Street was unobstructed appellee here should have seen the children on the playground and observed their movement toward the street. Without tediously comparing details, we find the factual situation in the "borderline" case of *Levine* wholly dissimilar to the one presented here because no element of sufficient advance warning is shown to be present. Although drivers have a duty to be reasonably aware of what is occurring along the sides of a street or highway, their primary duty is to observe carefully the road in front of them. *Mumford v. United States,* 150 F. Supp. 63, 66 (D. Md. 1957); *Dawson, Adm'r v. Christopher, supra; Flohr v. Coleman,* 245 Md. 254, 225 A. 2d 868 (1967). Even if appellee did see the children on the playground, merely seeing them would not reasonably produce an apprehension that they would come into the street. *Dawson, Adm'r v. Christopher, supra; Faulkner v. Cummings, supra.*

We need not consider the suggestion of the trial court that the eight year old plaintiff may well be guilty of contributory negligence in light of our conclusion that no primary negligence has been shown to exist. Many of the "dart-out" cases have realized the possible existence of contributory negligence on the part of a child of tender years, including those eight years old. *Dawson, Adm'r v. Christopher, supra.*

*Judgment affirmed. Costs to be paid by appellants.*