Argued 13 October, decided 31 October, 1904.

## CARTER v. WAKEMAN.

[78 Pac. 862.]

WAIVER OF OBJECTION TO DEPOSITION — CONSTRUCTION OF STIPULATION.

1. A stipulation consenting to the use of a typewritten copy of the testimony of certain decrepit witnesses instead of the original, is not a waiver of proof that the witnesses were still infirm and unable to appear, which Section 840, B. & C. Comp., requires to be shown before such depositions can be used.

PRESUMPTION OF CONTINUED INFIRMITY OF WITNESS.

2. The provision of Section 840, B. & C. Comp., that before the deposition of an infirm witness can be used, it must be shown that the infirmity continues, is not affected by the presumption of the continuance·of things once shown to exist, declared by B. & C. Comp. § 783, subd. 33, so that before such depositions can be read proof of continued infirmity must be made.

PRESUMPTION AS TO EFFECT OF ERROR.*

3. Error is presumptively prejudicial and is ground for reversal unless it affirmatively appears from the record that it was harmless.

From Jackson : HIERO K. HANNA, Judge.

Action by Nancy Carter against Miles S. Wakeman, in which defendant had a judgment.          REVERSED.

For appellant there was a brief over the names of *H. D. Norton*, *J. L. Hammersley*, and *E. B. Dufur*, with an oral argument by *Mr. Norton*.

For respondent there was a brief over the names of *Colvig & Durham* and *Chas. Prim*, with an oral argument by *Mr. Geo. H. Durham*.

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a second appeal by plaintiff from a judgment rendered against her, a statement of the case appearing in the former opinion : *Carter v. Wakeman*, 42 Or. 147 (70 Pac. 393). Prior to the last trial, defendant's counsel, desiring to take the depositions of W. P. Hillis and Sarah C. Wakeman, filed affidavits showing the materiality of the testimony expected to be secured from such persons and of their inability to attend as witnesses in consequence of

---

*NOTE.— See also, *Durkee* v. *Carr*, 38 Or. 189.          REPORTER.

the decrepitude of each, and, based thereon, the court made
an order permitting their depositions to be taken before a
designated person, specifying the notice required and the
time within which such evidence might be secured.
Thereupon counsel for the respective parties stipulated
that the testimony of such persons might be taken by the
referee appointed; that at the completion of their exami-
nation the deposition was to be signed by the witness giv-
ing it; that the referee was to make a typewritten copy
thereof and file the same, together with the original, within
ten days; and that such copy might be used as evidence
on the trial in the same manner as the original could be
employed. The depositions, having been taken pursuant
to the court's order and in the manner stipulated, were
offered in evidence at the trial, and, over plaintiff's objec-
tion that each was incompetent, irrelevant, and immate-
rial, and that no foundation for its introduction had been
laid, they were received, and exceptions reserved. It is
contended by plaintiff's counsel that, as no proof was made
tending to show that the witnesses continued infirm, the
court erred in admitting their depositions.

The statute regulating the taking of written declarations
under oath, made upon notice to the adverse party, so far
as deemed material herein, is as follows: "The testimony
of a witness in this State may be taken by deposition * *
(4) when the witness, otherwise liable to attend the trial,
is nevertheless too infirm to attend": B. & C. Comp. § 826.
"If a deposition be taken under subdivision * * 4 of sec-
tion 826, before the same can be used, proof shall be made
that the witness * * still continues * * infirm": B. & C.
Comp. § 840. The bill of exceptions shows that no com-
pliance with the provisions of the latter section was at-
tempted. It is insisted by defendant's counsel, however,
that the depositions were admissible in evidence on the
grounds: (1) That they were practically secured pursu-

ant to a stipulation; (2) it is to be presumed that the reason assigned for taking them, when used so soon after they were filed, continues, unless the contrary is shown; (3) the evidence contained in each was only cumulative, and therefore not prejudicial; and (4) if their admission was improper, the error was harmless and should be disregarded.

1. Considering the legal principles last presented in the order stated, the rule is universal that a party can waive any statutory provision that inures to his benefit, unless his agreement to relinquish a known right violates the rules of public policy. Thus, if a party by stipulation expressly waives all objections to the manner of taking a deposition, reserving only questions of the relevancy, materiality, and competency of the testimony, he thereby abandons every right to which he is entitled, except such as are specially excepted: *Ex parte Kindt*, 32 Or. 474 (52 Pac. 187). In the case at bar the only departure from a strict performance of the requirements of the statute consented to by the defendant consists in the admission of a typewritten copy of the testimony instead of the original. This was not an express waiver of the right to insist on making the necessary proof of the continuance of the witnesses' infirmity.

2. Though the statute provides that a thing once proved to exist continues as long as is usual with things of that nature (B. & C. Comp. § 788, subd. 33), we do not think the deduction which the law expressly directs to be made from particular facts can be invoked to overcome the express provisions of the statute, for, if this were so, it would only be necessary in the first instance to make a showing so as to secure the taking of a deposition, thereby imposing on the adverse party the duty of overcoming the presumption by direct evidence.

3. If it be assumed that the depositions only corroborated the testimony introduced at the trial by defendant, it is impossible to determine what degree of importance the jury attached to such evidence, for the triers of the fact may have considered the written declarations under oath, made in pursuance of notice to the adverse party, sufficient to create a preponderance, and based their verdict on that conclusion. When it is manifest that an error has been committed, prejudice will be presumed, unless it affirmatively appears from an inspection of the record that no prejudice could have resulted therefrom: *Inverarity* v. *Stowell*, 10 Or. 261; *Du Bois* v. *Perkins*, 21 Or. 189 (27 Pac. 1044); *Nickum* v. *Gaston*, 24 Or. 380 (33 Pac. 671, 35 Pac. 31); *Carney* v. *Duniway*, 35 Or. 131 (57 Pac. 192, 58 Pac. 105).

The court undoubtedly admitted the evidence so objected to on the assumption that the agreement of the parties waived the performance of the statute requiring proof to be made that the witnesses still continued to be infirm before their depositions could be used; but, believing that the stipulation was not sufficient for that purpose, the judgment is reversed and a new trial ordered. ·

REVERSED.

---

Decided 17 October, 1904.