Submitted on record and briefs February 5, affirmed
February 19, petition for rehearing denied
April 15, 1969

STATE OF OREGON, *Respondent, v.*
ALVA BIDA SUTTON,
*Appellant.*
450 P2d 748

Donald F. Bach and Porter & Bach, Eugene, for appellant.

John B. Leahy, District Attorney, and H. Thomas

Evans, Deputy District Attorney, Eugene, for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Defendant was convicted of drunken driving and appealed.

His sole assignment of error was the receipt into evidence of a checklist used by a police officer in the operation of a breath analysis machine when he conducted a test upon defendant's breath. The checklist was one furnished by the State Board of Health for the use of police officers to assure the machine's correct operation. Proper operation of the machine requires certain steps to be taken in sequence and the officer checks each step off the list as he performs it. The officer testified to the successive steps he took in the machine's operation and that he used the checklist introduced in evidence in doing so. He said that he checked off each step as he performed it and then signed the checklist when the test was completed. He also testified that he used the list in aid of his testimony for the purpose of refreshing his present recollection.

Defendant contends the admission into evidence of the checklist was error because, in effect, it put into evidence twice the testimony of the witness. He also contends that a writing used to refresh present recollection is not admissible in evidence and that a writing is not admissible as past recollection recorded unless the witness has no present recollection of its subject matter.

■ ▪The use of a writing to refresh present recollection does not make it admissible in evidence. *Hall v. Brown,* 102 Or 389, 393, 202 P 719 (1921); *Manchester Assur. Co. v. Ore. R. R. Co.,* 46 Or 162, 166-167, 79 P 60, 69 LRA 475 (1905); *Friendly v. Lee,* 20 Or 202, 205, 25 P 396 (1890). The witness's independent recollection is the evidence—not the writing which aided in refreshing that recollection.

The writing in question met all but one of the qualifications of past recollection recorded. The witness identified the written memorandum, recalled the making of it at the time of the event when his recollection was fresh, and testified as to its accuracy. He did not say "it was accurate" but he testified to the actual performance of each step reflected in the memorandum. This testimony would qualify the writing to be received in evidence except for a rule, adopted in Oregon and many other states, that, before a memorandum of past recollection recorded may be received in evidence, the witness must have no present recollection of the subject matter of which the memorandum is a record. *Mason, Ehrman & Co. v. Lewis Est.,* 131 Or 242, 258, 276 P 281, 281 P 123, 282 P 772 (1929); *Fitzpatrick v. Sletten,* 117 Or 173, 176, 242 P 1114 (1926); *Hall v. Brown, supra; Manchester Assur. Co. v. Ore. R. R. Co., supra; Friendly v. Lee, supra.*

■ We have come to the conclusion that the above and similar cases are in error which hold that the absence of a present recollection by the writer is a prerequisite to the receiving in evidence of a past recollection recorded. Professor Wigmore has put his finger upon the fallacy in our present rule. In disapproving such a rule he states:

"* * * Is the use of past recollection necessary (1) because in the case in hand there is not avail-

able a present actual recollection in the specific witness, or (2) because in the usual case a faithful record of past recollection, if it exists, is more trustworthy and desirable than a present recollection of greater or less vividness?

"The latter view, it would seem, is more in harmony with general experience, as well as with the attitude of the judges who early vindicated the use of past recollection. A faithful memorandum is acceptable, not conditionally on the total or partial absence of a present remnant of actual recollection in the particular witness, but *unconditionally*; because, for every moment. of time which elapses between the act of recording and the occasion of testifying, the actual recollection must be inferior in vividness to the recollection perpetuated in the record."[1] (Emphasis theirs.) Wigmore, Evidence (3d ed) 76 § 738.

In footnote 1 under the same section Wigmore states as follows:

"Thus even though the witness has testified from present recollection, he may *also introduce a book or memorandum* which satisfies the ensuing rules [rules concerning past recollection recorded]. This record serves to corroborate his present testimony; common sense dictates this: * * *." (Emphasis theirs.)

Also see *Jordan v. People,* 151 Colo 133, 376 P2d 699, 702-703 (1962); *Hall v. State,* 223 Md 158, 162 A2d 751, 759-760 (1960).

We are satisfied that the checklist was admissible and that no error was committed.

The judgment of the trial court is affirmed.