Argued October 30, reversed and remanded December 31, 1973

# FASSETT, *Appellant, v.* SANTIAM LOGGERS, INC., *Respondent.*

517 P2d 1059

R. L. *Marceau*, Bend, argued the cause for appellant. With him on the briefs were L. C. Johnson, and Panner, Johnson, Marceau & Karnopp, Bend.

*William M. Holmes*, Bend, argued the cause for respondent. With him on the brief were Gray, Fancher, Holmes & Hurley, Bend.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

This is an action for damages resulting from personal injuries incurred by plaintiff in an automobile accident. Plaintiff appeals from a judgment for defendant entered pursuant to a jury verdict.

Plaintiff alleged in his complaint that at approximately 5:40 a.m. he was operating his automobile in the same direction as defendant's truck when he suddenly overtook the truck which was traveling at a low rate of speed in the dark without any taillights. He further alleges that he was thereby forced to swerve into the opposite lane of traffic to avoid a collision with the rear of the truck and collided with an oncoming vehicle. Plaintiff had two counts in his complaint: one for ordinary negligence and the other for gross

negligence. The allegations of ordinary and gross negligence were the same, as follows:

"1) Knowingly sent its truck out on a highway without proper lighting equipment and in such an unsafe condition that it endangered other persons using the highway.

"2) Operated its truck without lights on the rear, plainly visible from a distance of 500 feet, at a time when there was insufficient light to make other vehicles clearly discernable [sic] at a distance of 500 feet.

"3) Operated its truck at such a slow speed as to block and create a dangerous impediment for traffic moving at a normal speed."

■ Prior to trial, defendant filed a demurrer to plaintiff's gross negligence count which the trial court sustained. Thereafter the case went to trial on the ordinary negligence count. The jury's verdict for defendant was a general one, and it is therefore impossible to determine whether the basis for the verdict was lack of simple negligence on the part of defendant or plaintiff's contributory negligence. If the verdict was based on plaintiff's contributory negligence, it did not foreclose plaintiff's contention that he was entitled to have his gross negligence claim submitted to the jury. Gross negligence has been equated by us to be reckless disregard as that term is defined by Restatement (Second) of Torts § 500. *Williamson v. McKenna,* 223 Or 366, 391, 354 P2d 56 (1960). Simple negligence is not a defense to reckless disregard as that term is defined in Section 500. Restatement (Second) of Torts §§ 482 (1) and 503 (1). *Stephens v. City of St. Helens,* 231 Or 1, 3, 371 P2d 686 (1962).[①] Therefore, simple

---

[①] *See* Zumwalt v. Lindland, 239 Or 26, 396 P2d 205 (1964), for a contrary result which is limited to gross negligence as that term is used in ORS 30.115.

negligence cannot be a defense to gross negligence as that term is used here. Plaintiff's sole claim upon appeal is that the trial court erred in sustaining the demurrer to his gross negligence count.

■■■ The trial court erred in striking the gross negligence count prior to the presentation of plaintiff's case in chief. Gross negligence is the equivalent of reckless disregard and is negligence of a substantially greater degree than that of ordinary negligence. However, it is seldom that a determination can be made as to the degree of negligence without the submission of proof. All the surrounding circumstances, too numerous to be alleged in a complaint, must be taken into consideration in determining whether the alleged acts were done with the requisite reckless disregard. The trial court was unable to tell, at the time the demurrer was sustained, whether plaintiff had a cause of action for gross negligence or not, and it therefore erred in sustaining the demurrer.

Plaintiff contends that such a determination of error completely resolves this appeal and that it is improper to consider the testimony at trial of the simple negligence count to see if he proved a prima facie case of gross negligence. He argues that the issues are not the same in gross and simple negligence and that cases are tried and presented in different manners depending upon the issues that are involved. We do not accept plaintiff's argument because we are sure, despite the general accuracy of plaintiff's contention, that no plaintiff fails to put his best foot forward and to paint the defendant as black as possible, whether the case is being tried on a gross or simple negligence theory.

■ We now go to a consideration of such of the evidence as is available to us to see if it shows that

plaintiff proved a prima facie case of gross negligence. Plaintiff brought no transcript to this court; defendant, only a partial transcript. Had defendant also not designated any transcript, plaintiff would not be entitled to further consideration despite the error because we would not be able to tell whether he had been prejudiced thereby. Waste of judicial time is a sufficiently important factor in the administration of justice to require any plaintiff seeking a reversal and an opportunity to retry his case to demonstrate not only error but prejudicial error as well.

Despite the allegation in the complaint that the accident occurred at approximately 5:40 a.m., there was evidence by both plaintiff and a deputy sheriff from which it could be concluded that the accident occurred about 5:15 a.m. daylight saving time. The date was August 17, 1971, and the weather was clear and dry. Plaintiff described the conditions as "[i]t was dark" and "* * * impossible to drive without headlights." The operator of the vehicle with which plaintiff collided described the conditions as "pretty dark" and "almost" but "not quite" like nighttime.

Plaintiff said he saw no lights upon the truck, and the driver of the vehicle coming from the opposite direction with whom plaintiff collided testified he saw only one set of headlights coming toward him, and they were upon the car with which he collided. The truck was pulling an unloaded pole trailer which everyone admitted had no lights upon it because there was no electrical connection between it and the truck. The trailer had two red reflectors about 2½ to 3 inches in diameter on its bunk, and underneath the bunk on a bar were four unlighted lights with red glass in them. Prior to the accident another of defendant's

employees had been following the truck for the purpose of using his vehicle's headlights to light the unlighted trailer. However, he had stopped following the truck one to two miles prior to the scene of the accident.

There was evidence by this employee that the truck was traveling at 35 to 40 miles per hour at the point one to two miles prior to the scene of the accident when he ceased following it. Plaintiff testified he was traveling at 60 miles per hour and that when he realized there was a truck ahead of him, he was overtaking it so rapidly he was not sure at first whether it was moving. Other than this, plaintiff could not testify as to its speed. The driver of the truck testified he was going 35 to 40 miles per hour. The police officer who investigated the accident testified plaintiff's vehicle left 137 feet of skid marks prior to the collision.

■ Although there was contrary evidence, the jury could have found from the above-recited testimony that defendant's truck, pulling an unloaded pole trailer, was traveling entirely unlighted at a time when it "was dark," was "pretty dark," "almost" but "not quite" like nighttime, and "impossible to drive without headlights." Someone who so operated a vehicle could reasonably be found to have committed an intentional act which involved a high degree of probability that harm would result and to have demonstrated a reckless disregard of consequences. *Williamson v. McKenna, supra.* Defendant argues that the complaint as submitted to the jury contained only the allegations that the truck had no rear lights and that it was traveling at a slow speed and that these allegations cannot amount to gross negligence. Whether they can depends upon the circumstances. We believe they can amount to gross neg-

ligence when there are no other lights upon the truck and it is dark.

Both parties seek some advantage out of the fact that plaintiff, at the time of submission to the jury, withdrew his first allegation of negligence which is the only allegation the defendant acted "knowingly." We do not regard this removal as affecting in any way the essential allegations of negligence submitted to the jury. Whether defendant knew of the condition may be relevant to whether it was gross negligence, but it is not a necessary allegation to a statement of a case of gross negligence.

The judgment of the trial court is reversed and the case is remanded for a trial upon the issue of gross negligence.

MCALLISTER, J., concurs in the result.