Argued December 7, 1977, reversed and remanded April 18, 1978

ELAM, *Appellant,*
*v.*
SOARES, *Respondent.*
(TC A7601 00984, SC 25048)
577 P2d 1336

David R. Bangsund, Portland, argued the cause for appellant. With him on the briefs were Reiter, Bricker, Zakovics & Querin, P.C., Portland.

Rudy Lachenmeier, Portland, argued the cause for respondent. With him on the brief were Vergeer, Roehr & Sweek, Portland.

TONGUE, J.

Howell, J., specially concurring.

Lent, J., joins in this specially concurring opinion.

Bryson, J., dissenting.

## TONGUE, J.

This is an action for damages for personal injuries incurred in an automobile accident. The case was tried before a jury, which returned a verdict in favor of defendant. Plaintiff appeals from the resulting judgment and seeks a new trial because of errors in the admission of evidence and in an instruction to the jury.

Plaintiff's first assignment of error is that the trial court erred in failing to sustain her objections to the admission in evidence of a "recorded statement" taken by telephone from defendant shortly after the accident.

During plaintiff's cross-examination of defendant, plaintiff inquired whether defendant "gave a representative of Mr. Samuel's [defendant's attorney] office a statement * * * over the telephone." Upon receiving an affirmative answer plaintiff requested the production of that statement. Defendant's attorney then handed the statement to plaintiff's attorney, who then asked defendant the following questions:

"Q  In this statement that you gave on the 14th of October, a couple of days after the accident, you said the other car had its lights on, didn't you?
"A  Yes, I did say that.
"Q  So on October 14th, you said the other car had its lights on. Right?
"A  Right.
"Q  On January 7th, you said the car didn't have its lights on. Right?
"A  Correct.
"Q  What are your saying today?
"A  I am saying no, because I have had the whole summer to think about it.
"Q  But three days after the accident when the accident was fresh in your mind, you said he had his lights on?

"A  Correct, but I was also still shaken up by it.

"Q  And in that statement you even mentioned that Mr. Thomas might have been drinking, didn't you?

"A  I made the statement, but I did also say that I would really not like to say that.

"Q  Right. But you made that statement that he seemed like maybe he had been drinking?

"A  Uh-huh.

"Q  You have no evidence of that, do you?

"A  No, I don't.

"Q  But you said that?

"A  I did say that, but I did say that I shouldn't really state that."

Defendant's attorney then offered this "recorded statement" in evidence. Upon objection by plaintiff's attorney that the statement was hearsay and self-serving, the response by defendant's attorney was that "he asked for it." Plaintiff's attorney also objected on the ground that no proper foundation was laid for the admission of that exhibit. Those objections were overruled and the statement was received in evidence.

■  In support of this assignment of error plaintiff contends that:

"* * * Statements made by a witness out of court may not be used to corroborate his trial testimony unless his testimony is challenged as being a recent fabrication. The statement was inadmissible on the grounds that it was hearsay and does not fall within one of the recognized exceptions to the hearsay rule. The admissibility of the statement is not effected [sic] by a request that it be produced for inspection nor by its use to facilitate cross-examination."

In response, defendant contends that:

(1) "Defendant's statement is not hearsay under the proposed Uniform Evidence rule this court should formally adopt."

(2) "Part of defendant's statement was admissible under ORS 41.880 and accordingly counsel's objections

to the entire statement were overbroad and ineffectual," and

(3) "The statement was not prejudicial."

We disagree.

As stated in McCormick on Evidence 584, § 246 (2d ed 1972):

> "\* \* \* Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."

It follows that the record of the previous statements made by defendant in a telephone interview, if offered as substantive evidence to prove the truth of such statements, was hearsay evidence and therefore not admissible unless it qualified under one of the exceptions to that rule. No contention is made by defendant that the statement was offered for any other purpose than as substantive evidence and it was used as such by defendant's attorney in argument to the jury.

Rule 63(1) of the proposed Uniform Rules of Evidence (1953), would provide that:

> "Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:
>
> "(1) Previous Statements of Persons Present and Subject to Cross Examination. A statement previously made by a person who is present at the hearing and available for cross examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness."

That proposed rule was rejected by a majority of this court in *State v. Derryberry,* 270 Or 482, 488-91, 528 P2d 1034 (1974), and again in *Rhodes v. Harwood,*

273 Or 903, 916-24, 544 P2d 147 (1975).[1] In this case, the previous statement which defendant says should have been admitted under former Rule 63(1) was a statement taken from defendant by an insurance adjuster. We are concerned over the possibility that abusive practices might follow from a holding by this court that the statements taken from defendants by lawyers or insurance adjusters are admissible as substantive evidence on behalf of defendants because they are available for cross-examination, as would follow from the adoption of Rule 63(1). In our view, this is a further reason not to adopt that proposed rule. It follows that we reject defendant's contention that this "recorded statement" was not hearsay evidence.

Defendant contends, in the alternative, that the "recorded statement" falls within the exception to the hearsay rule as a "record of past recollection" and says that in *State v. Sutton,* 253 Or 24, 26-27, 450 P2d 748 (1969), this court removed the previous requirement of that exception to the effect that there must be an absence of a present recollection by a writer-witness as a "necessary pre-requisite."

The abandonment of that requirement has been criticized because of possible abuses by use of statements prepared for purposes of litigation under the supervision of claim adjusters or attorneys. (*See* McCormick, *supra,* 715, § 302, and 603, § 251.) *See also* Federal Rules of Evidence § 803(5) (1975), Advisory Committee's Note 111.

Indeed, since our decision in 1969 in *Sutton,* and apparently for these reasons, the following rule has

---

[1] In *Rhodes v. Harwood,* 273 Or 903, 921-22, 544 P2d 147 (1975), it was also noted that in the 1975 edition of the proposed Uniform Rules of Evidence what had been proposed Rule 63(1) had been substantially changed and then appeared as proposed Rule 801(d)(1). The same rule was adopted by Congress in 1975 as Rule 801(d)(1) of the then new Federal Rules of Evidence. Rule 801(d)(1) of the proposed Uniform Rules of Evidence has also been further amended. *See* 13 Uniform Laws Annotated (1975), Cumulative Annual Pocket Part For Use in 1978, 21. Rule 801(d)(1) of the current Federal Rules of Evidence, do not, however, include that amendment. *See* Federal Rules of Evidence, 1977 edition, 222, Rule 801.

been adopted as Rule 803(5) of the Federal Rules of Evidence, effective July 1, 1975:

"(5) *Recorded recollection.* A memorandum or record concerning a matter about which a witness once had knowledge *but now has insufficient recollection to enable him to testify fully and accurately,* shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party." (Emphasis added)

To the same effect, *see* proposed Uniform Rules of Evidence, Rule 803(5), 13 Uniform Laws Annotated 241 (1975).

■ We agree with this rule and, accordingly, hold that a writing is admissible as a "recorded recollection" only when the witness "has insufficient recollection to enable him to testify fully and accurately." Because this requirement was not satisfied in this case, it follows that this recorded statement was not admissible as a statement of past recorded recollection. To the extent that what was said in *State v. Sutton, supra,* is inconsistent with our holding in this case, that case is overruled. It is important to note, however, that the "check list" received in evidence in *Sutton* was actually used by the officer in his performance of the breath analysis test in that case. Under those facts, it was properly received in evidence.[2]

---

[2]We need not in this case decide whether to adopt the further requirement as stated in Rule 803(5) that such a memorandum or record, if admitted, "may be read into evidence but may not itself be received as an exhibit unless offered by the adverse party." Because of the basis upon which we decide this case we also need not decide whether a written transcript of a tape recording is such a "memorandum or record" as to be properly subject to this exception to the hearsay rule. We note, however, that McCormick on Evidence 713-14, § 301 (2d ed 1972), in discussing this rule states that:

"* * * This writing need not, however, have been prepared by the witness himself if the witness read it and acknowledged its correctness."

To the same effect, see Federal Rules of Evidence § 803(5) (1975), Advisory Committee's Note 112-113.

We also disagree with defendant's contention that "part of defendant's statement was admissible under ORS 41.880 and accordingly counsel's objections to the entire statement were overbroad and ineffecutal."

ORS 41.880 provides that:

> "When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole, on the same subject, may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation, or writing which is necessary to make it understood may also be given in evidence."

Defendant relies upon the familiar rule that when evidence is offered as a whole and an objection is made to it as a whole and is overruled, the trial court will not ordinarily be reversed on appeal if any part of the offered evidence was properly admissible even though other parts would not have been admissible had proper objection been made to such parts of the offered evidence, citing *Sproul v. Fossi,* 274 Or 749, 755, 548 P2d 970 (1976).

At the time of trial defendant did not take the position that because plaintiff had "given in evidence" a "part" of the "recorded statement," the defendant was entitled, by reason of ORS 41.880, to "inquire into" other parts of that "conversation or writing" on "the same subject." Although the purpose for which evidence is offered is ordinarily immaterial if the evidence was admissible for any proper purpose, it is nevertheless of interest to note that defendant's position at the time of trial was that the entire writing was admissible on offer by defendant because plaintiff "asked for it."

At early common law there was authority to the effect that if a party demanded the production of a document that he was not entitled to demand and, upon the production of that document, did not offer it in evidence, his opponent was then entitled to do so.

*See* 7 Wigmore on Evidence 557-5, § 2125 (3d ed 1940). As stated by Wigmore, however (at 559):

"There is, then not only no sound reason for establishing such a penal rule, but it is itself open to abuse, and merely adds to the sportsmen's rules elsewhere noticeable in the common-law system. Moreover, it is totally out of harmony with the modern statutory procedure for discovery at law;

"* * * * *

"The rule that the whole document must be put in, if merely perused or inspected by the party calling for it, even though he does not desire to use it, was clearly the orthodox English .practice; but it seems to have been properly abandoned in more recent times."

This is in accord with the decision by this court in *Rigelman v. Gilligan,* 265 Or 109, 118, 506 P2d 710 (1973). In that case plaintiff's attorney made a request at the time of trial under ORS 41.615 for the production of a written statement taken by an insurance adjuster, apparently also by a recorded telephone conversation, as in this case. Defendant's attorney then offered to produce the statement "if you will give it to the jury." Plaintiff's attorney declined to agree to that offer and the trial court ruled that the statement was protected from examination as "the work product of an attorney." This court held that ruling to be in error and stated (at 118) that:

"A further reason for such a result in this case is that it does not follow from the fact that plaintiff's attorney requested production of the statement for his use in cross-examination of defendant that he either would or could have offered that statement in evidence. Indeed, plaintiff's counsel declined the suggestion by defendant's attorney of a stipulation that '* * * you can have it if you will give it to the jury.'

"Plaintiff's attorney, on reading the statement, might have found that there was no material inconsistency. He might have used the statement solely for the purpose of framing questions on cross-examination. He might also have used the statement in cross-examination by handing it to the witness in an attempt to refresh his memory.

Even in such an event, however, a statement used for that purpose is not, for that reason, admissible in evidence as an exhibit.

As previously noted, the "recorded statement" of this defendant was not admissible in evidence when offered by him as substantive evidence on his behalf, wholly aside from any question of its authenticity. It follows that defendant is incorrect in contending that plaintiff's objection was "overbroad and ineffectual," so as to entitle him to rely upon the rule that an objection to a document as a whole is ineffective if any part of the document is admissible in evidence. In this case no part of the "recorded statement" was admissible in evidence on offer by defendant.

Defendant next contends that any error in the admission of this "recorded statement" was not prejudicial and that it is the burden of "the plaintiff seeking reversal" to "not only demonstrate that there was error, but that the error was prejudicial," citing *Edwards, Guardian v. Hovet,* 185 Or 284, 299, 200 P2d 955 (1949), and *Fassett v. Santiam Loggers, Inc.,* 267 Or 505, 509, 517 P2d 1059 (1973).

*Edwards* held (at 299) that "[a] ruling, in order to warrant a reversal, must be not only erroneous but also prejudicial." It did not hold that appellant has the burden to show prejudice. In *Fassett* it was said (at 509), without citation of authority, that "[w]aste of judicial time is a sufficiently important factor in the administration of justice to require any plaintiff seeking a reversal and an opportunity to retry his case to demonstrate not only error but prejudicial error as well."

In many cases this court has held that when error is committed in the trial of a civil case, as well as in the trial of a criminal case, this court will presume the error to have been prejudicial unless the court can affirmatively say, from an inspection of the record before it, that the error was not prejudicial. *See, e.g., Inverarity v. Stowell, et al,* 10 Or 261, 266 (1882);

[ 102 ]

*Cleveland Oil Co. v. Ins. Society,* 34 Or 228, 235, 55 P 435 (1898); *Durkee v. Carr,* 38 Or 189, 196, 63 P 117 (1900); *Carter v. Wakeman,* 45 Or 427, 430, 78 P 362 (1904); *Lintner v. Wiles,* 70 Or 350, 358, 141 P 871 (1914); *Provo v. Spokane, P & S Ry Co.,* 87 Or 467, 475, 170 P 522 (1918); *Mount v. Welsh et al,* 118 Or 568, 594, 247 P 815 (1926); *Fromme v. Lang & Co.,* 131 Or 501, 506, 281 P 120 (1929); *DeLashmitt v. Journal Pub. Co.,* 166 Or 650, 661, 114 P2d 1018 (1941); *Oien v. Bourassa,* 221 Or 359, 363, 351 P2d 703 (1960). *Cf. State v. McLean,* 255 Or 464, 473-80, 468 P2d 521 (1970). On the other hand, if, upon examination of the record it appears to the satisfaction of this court that error in the trial of the case was not prejudicial, the trial court will not be reversed.

■  It may well be that the concepts of "presumptions" and "burdens," as used in the trial of cases, are not appropriate for application in the appellate process of determining whether error in the trial of a civil case was prejudicial or not. We believe, however, that a more accurate statement of the proper rule to be applied by this court in appeals in civil cases is as stated in the more recent case of *Meyer v. Harvey Aluminum,* 263 Or 487, 501 P2d 795 (1972), in holding (at 495) that:

> "* * * Ordinarily, erroneously admitted evidence is deemed [by this court in the appellate process] prejudicial unless the contrary is affirmatively shown. * * *"

To the same effect, *see Samuel v. Vanderheiden,* 277 Or 239, 248, 560 P2d 636 (1977).

■  From our examination of the record in this case it appears that in the course of his argument to the jury defendant's attorney read to the jury the entire eight-page "recorded statements," which contradicted plaintiff's oral testimony describing how the accident happened in a number of important points. He then argued that defendant's version of the incident, as thus "recorded," was reliable because it was made while the facts were fresh in his mind. Presumably,

that written version of how the accident happened was also sent to the jury room with other exhibits received in evidence. As a result, defendant's version of how the accident happened was also available to the jury in written form, whereas the jury was required to rely upon its memory of plaintiff's oral testimony. On this record, we cannot say that it "affirmatively appears" that the error in the admission of defendant's "recorded statement" was not prejudicial.

■ Plaintiff's second assignment of error is that the trial court erred in giving the following instruction on request by defendant:

"In regard to the question of the negligence, if any, of the driver of plaintiff's vehicle, you are instructed a vehicle shall be driven as nearly as is practical entirely within a single lane, and shall not be moved from such lane until the driver has first ascertained that such movement can be made in safety."

That instruction was based upon ORS 483.304(2) which provided that:

"Position of vehicles on divided highway. Whenever any street or highway has been divided into *clearly marked lanes for traffic,* drivers of vehicles shall obey the following regulations:

"* * * * *

"(2) A vehicle shall be driven as nearly as is practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."[3] (Emphasis added)

In this case, both parties testified that this accident occurred at an intersection on a two-way street, with one lane in each direction. Plaintiff's car and defendant's car approached that intersection from opposite directions. Defendant's car turned left at the intersection and, in doing so, collided with plaintiff's car. Plaintiff testified that his car did not move from a direct line of travel prior to the collision. Defendant

[3]This statute was repealed by 1975 Oregon Laws, ch 451, § 291. It was replaced by ORS 487.220(1)(a).

[ 104 ]

testified that as plaintiff's car entered the intersection it swerved to the right and around a Toyota proceeding in front of him in the same direction and which was waiting to make a left turn. This was denied by plaintiff.

Defendant may be correct in the contention that ORS 483.304(2) is not limited to "divided" four-lane highways, with two lanes in each direction. Even so, and even under defendant's version of the facts, we do not believe that this case is within the intended meaning of ORS 483.304(2) as a case in which a driver has "moved" from a "marked lane for traffic." Instead, the more appropriate instruction in this case would have been one based upon ORS 483.308(3), which provided that:

> "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction * * * at any intersection of highways, unless such movement can be made in safety."

We do not agree with defendant's contention that the instruction, as given, was a proper or adequate instruction under the terms of that statute.[4]

Finally, defendant contends that, in any event, the instruction was not prejudicial, considering the instructions given as a whole. At best, the instruction as

[4]Defendant also contends that the instruction was proper under ORS 483.126 or 483.310. We do not agree.

ORS 483.126(1) provided:

> "The driver of any vehicle upon a highway before starting, stopping, changing lanes or turning from a direct line shall first see that such movement can be made in safety. * * *"

ORS 483.310 provided:

> "(1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.
>
> "(2) The driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on suitable and audible signal, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

given was confusing and misleading, particularly in view of the argument to the jury by defendant's attorney that "[defendant] had a right to assume that the other car would not change lanes until that could be done in safety." We need not decide this question, however, in view of our previous holding that the error in receiving defendant's "recorded statement" requires the granting of a new trial in this case.

Reversed and remanded.

**HOWELL, J.,** specially concurring.

I acknowledge that this court on several occasions has stated that error occurring during the trial is "presumed" or "deemed" to be prejudicial upon appeal. I believe that such error should not be presumed to be either prejudicial or harmless. Our function should be to determine (1) whether error was committed and (2) if so, does the error require reversal. That decision should be made without any presumptions.

Lent, J., joins in this opinion.

**BRYSON, J.,** dissenting.

The evidence received in this case falls within the rule proposed by the dissent of Chief Justice O'Connell in *State v. Derryberry,* 270 Or 482, 492, 528 P2d 1034 (1974), and would have been admissible under that dissent. I joined in the dissent in *State v. Derryberry,*

---

"(3) Notwithstanding the provisions of subsections (1) and (2) of this section, the driver of a vehicle may overtake and pass another vehicle on the right thereof, when such other vehicle is:

"(a) Making, or about to make, a left turn upon a street or highway having space for two or more lanes of traffic moving in the direction such vehicles are proceeding; or

"(b) Being driven in the left lane upon a street or highway having two or more clearly marked lanes allocated exclusively to traffic moving in the direction such vehicles are proceeding."

These statutes were effective at the time of the accident, but were repealed by 1975 Oregon Laws, ch 451, § 291. They were replaced in part by ORS 487.195 and 487.200.

[ 106 ]

*supra.* Also, in my concurring opinion in *Rhodes v. Harwood,* 273 Or 903, 544 P2d 147 (1975), I again asserted that it was my opinion that this court should adopt Rule 63(1) of the Proposed Uniform Rules of Evidence.

In this case, the defendant's statements, included in the writing which was received in evidence, were also testified to by him at trial. It would seem to me that the admission of the writing would be merely cumulative and, therefore, not prejudicial error. Under these circumstances, I do not feel that we can "presume" that the receiving of the defendant's statement in evidence was prejudicial error. For these reasons, I would affirm the trial court.