HOLDEN,
*Appellant,*
*v.*
BLITZ-WEINHARD CO., et al,
*Respondents.*

(No. A 7709-13767, CA 14725)

607 P2d 776

Steven E. Benson, Portland, argued the cause and filed the brief for appellant.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Richardson and Gillette,* Judges.

SCHWAB, C. J.

---

*Gillette, J., *vice* Lee, J., deceased.

## SCHWAB, C. J.

In this automobile accident case plaintiff appeals from a judgment entered on a jury verdict for the defendant, assigning as error the court's failure to give Uniform Jury Instruction No. 70.04 (Lookout).[1] Lookout was an issue in the case and the instruction in proper form was timely requested. When the trial judge finished instructing the jury, plaintiff pointed out that he did not recall hearing the requested instruction on lookout and the trial judge replied to the effect that he was sure he had given it. In fact, he had not.

There is no transcript of the testimony before us, since it was not made a part of the record on appeal. *Elam v. Soares,* 282 Or 93, 103, 577 P2d 1336 (1978), tells us

> " * * * the proper rule to be applied by this [appellate] court in appeals in civil cases is that stated in * * * *Meyer v. Harvey Aluminum,* 263 Or 487, 501 P2d 795 (1972), in holding (at 495) that:
>
> " '* * * Ordinarily, erroneously admitted evidence is deemed [by this court in the appellate process] prejudicial unless the contrary is affirmatively shown.' "

It was error not to give the instruction on lookout. Under the *Meyer* holding approved in *Elam v. Soares, supra,* error is deemed prejudicial "unless the contrary

---

[1] Oregon State Bar Uniform Jury Instruction No. 70.04 provides:

"I instruct you that it is the continuing duty of a driver of a motor vehicle (any person using the highway) to keep and maintain a reasonable lookout for other vehicles or persons on the street or highway.

"A reasonable lookout means such as would be maintained by a reasonably prudent person under the same or similar circumstances.

"In determining this question you should take into consideration the extent or degree of danger reasonably to be expected. A person does not comply with the duty to keep a reasonable lookout by simply looking and not seeing that which is plainly visible and which would have been seen by a reasonably prudent person under the same or similar circumstances."

is affirmatively shown." On the record before us we cannot say whether or not the error was prejudicial.[2]

Reversed and remanded.

---

[2] Defendant contends that *Highway Comm. v. Empire Building,* 17 Or App 616, 523 P2d 584, *rev den* (1974), is to the contrary. While that opinion can well be so construed, such a construction cannot stand in the face of the Supreme Court's holding in *Elam v. Soares,* 282 Or 93, 577 P2d 1336 (1978).