MACY,
*Respondent,*

*v.*

PRESBYTERIAN INTERCOMMUNITY
HOSPITAL, INC.,
*Appellant.*

(No. 77-171 L, CA 13812)

612 P2d 769

Stanley C. Jones, Klamath Falls, argued the cause
for appellant. With him on the briefs was Giacomini,
Jones & Associates, Klamath Falls.

David R. Vandenberg, Jr., P.C., Klamath Falls, argued the cause for respondent. With him on the brief was Hugh B. Collins, Medford.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals an award of damages to plaintiff for injury allegedly suffered while plaintiff was a patient of defendant. The jury's verdict supported plaintiff's allegation that plaintiff's sciatic nerve injury was caused by the negligent administration of a Nembutal injection by a registered nurse while plaintiff was defendant's patient.

Defendant's sole assignment of error on appeal is the trial court's admission over objection of portions of deposition testimony of a former supervisor of the allegedly negligent nurse.

The testimony of which defendant complains in this appeal is the following:

"'Q. She terminated her employment, I think she said August the 19th of '76, somewhere in there?

"'A. Yes, I think that is so, yes.

"'Q. Was she still under your supervision then?

"'A. At that time. I was instrumental in her leaving.

"'Q. Can you describe that for me?

"'A. Yeah, I just felt that because of some of her actions as a nurse that I had documented that she was not a safe practitioner at the time.' "

Defendant objected to the last question and answer only.

To be admissible, evidence must be relevant to the issue in controversy. *Byers v. Santiam Ford, Inc.,* 281 Or 411, 574 P2d 1122 (1978). The suit charges defendant with negligence toward this plaintiff in January, 1976. If the testimony regarding the professional conduct of the nurse related to events seven months after plaintiff's injury, it did not serve to prove the charge and it was error to admit it.

But if it was error, that does not require reversal. " 'Ordinarily erroneously admitted evidence is deemed * * * prejudicial unless the contrary is affirmatively shown.' " *Elam v. Soares,* 282 Or 93, 103, 557 P2d

1336 (1978), quoting *Meyer v. Harvey Aluminum,* 263 Or 487, 495, 501 P2d 795 (1972). The record is replete with evidence of the nurse's incompetence during the weeks leading up to the date of injury. Additional testimony that she may have been thought to be incompetent at the time of her discharge merely adds to a picture already complete. The error therefore was not prejudicial and we affirm the judgment below.

Affirmed.