Submitted on petition for review September 16, review allowed; remanded for reconsideration October 25, 1983

## VAN GORDON,
*Petitioner on review,*

*v.*

## PORTLAND GENERAL ELECTRIC COMPANY,
*Respondent on review.*

## PORTLAND GENERAL ELECTRIC COMPANY,
*Appellant,*

*v.*

## BARKER et al,
*Respondents.*

(TC A7902-00508, CA 19901, SC 29945)

670 P2d 1026

Mark L. Cushing and Barbee B. Lyon, of Tonkon, Torp, Galen, Marmaduke & Booth, Portland, for the petition.

John R. Faust, Jr., of Schwabe, Williamson, Wyatt, Moore & Roberts, and James K. Buell, of Buell, Black & Dupuy, Portland, contra.

## MEMORANDUM OPINION

The facts in this case are set out in our opinion, *Van Gordon v. PGE Co.*, 294 Or 761, 662 P2d 714 (1983).

Plaintiff petitions this court to accept review, to reverse the Court of Appeals, and to affirm the judgment in favor of the plaintiff. We decline review of all issues raised with the exception of requiring the Court of Appeals to apply the correct standard for evaluating evidential error.

OEC 103 provides:

"Rulings on evidence. (1) Effect of erroneous ruling. Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

The commentary to this rule reads:

"* * * The Legislative Assembly intends that no presumption regarding evidential error operate in favor of either party in the appeal of a civil case. The Legislative Assembly approves the suggestion in *Elam v. Soares,* [282 Or 93, 577 P2d 1336 (1978)], that the concepts of 'presumptions' and 'burdens' as used in the trial of cases are not appropriate for application in the appellate process. 282 Or at 103."

The Oregon Evidence Code comes from Oregon Laws 1981, chapter 892, and section 101 thereof provides:

"This Act shall take effect on January 1, 1982. The Oregon Evidence Code shall apply to actions, cases and proceedings commenced after the effective date of this Act. The Oregon Evidence Code *also shall apply to further procedure* in actions, *cases* and proceedings *then pending* except to the extent that application would not be feasible or would work injustice, in which event former evidential principles shall apply." (Emphasis added.)

The Court of Appeals simply ignored the statutory precept that the case of *Elam v. Soares,* 282 Or 93, 577 P2d 1336 (1978), was overruled.

By reference to the concurring and dissenting opinion in the previous decision in this case by the Court of Appeals, the majority opinion in the second review by the Court of Appeals concluded that the asserted error was not harmless. 64 Or App 135, 138, 667 P2d 532 (1983). In adopting the earlier concurring and dissenting opinion, the court erred

in concluding that error is presumed to be prejudicial. The court stated:

> "Ordinarily, error in the admission of evidence is deemed prejudicial unless the contrary is affirmatively shown. *Elam v. Soares,* 282 Or 93, 103, 577 P2d 1336 (1978); *Samuel v. Vanderheiden,* 277 Or 239, 248, 560 P2d 636 (1977); *Meyer v. Harvey Aluminum,* 263 Or 487, 495, 501 P2d 795 (1972). * * *
>
> "'* * * * *
>
> "'* * * I conclude that the presumption of prejudice has not been 'affirmatively' rebutted." *Van Gordon v. PGE Co.,* 59 Or App 740, 755-56, 757, 652 P2d 817 (1982).

We remand this case, which has already been argued twice to the Court of Appeals and once to this court, to apply OEC 103.