On remand from the Oregon Supreme Court October 23, 1983,
reversed and remanded March 7, reconsideration denied April 27,
petition for review allowed June 26, 1984 (297 Or 339)

# VAN GORDON,
*Respondent,*

*v.*

# PORTLAND GENERAL ELECTRIC COMPANY,
*Appellant.*

# PORTLAND GENERAL ELECTRIC COMPANY,
*Appellant,*

*v.*

# BARKER et al,
*Respondents.*

(A7902-00508; CA 19901)

677 P2d 739

John R. Faust, Portland, appeared for appellant. With him were Schwabe, Williamson, Wyatt, Moore & Roberts, James K. Buell, and Buell, Black, Gates & Dupuy, Portland.

Janet C. Neuman, Portland, appeared for respondent Brock A. Van Gordon. With her was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Margaret H. Leek Leiberan, Portland, appeared for respondents Kino Barker and Helene Barker. With her was Lang & Smith, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

Richardson, P. J., dissenting.

## VAN HOOMISSEN, J.

This appeal is before us on remand from the Supreme Court, 295 Or 811, 670 P2d 1026 (1983), to determine whether the admission of evidence of defendant's subsequent remedial measures caused prejudice to defendant.[1] The facts are set forth in our previous opinion. *Van Gordon v. PGE Co.,* 59 Or App 740, 652 P2d 817 (1982); *rev'd and remanded,* 294 Or 761, 662 P2d 714; *on remand* 64 Or App 135, 667 P2d 532 (1983).

Under prior law, the erroneous admission of evidence was presumed to be prejudical without an affirmative showing by the adverse party that the error was harmless. *See, e.g., Elam v. Soares,* 282 Or 93, 103, 577 P2d 1336 (1978). This law was changed with the legislature's adoption of the Oregon Evidence Code.[2] Our task on remand is to evaluate the effect of the evidence in issue in the light of OEC 103.

The evidence showed that, after plaintiff's accident, defendant replaced old warning signs with new signs that specifically warned of the danger to children of burns from the hot water at Austin Hot Springs. A critical aspect of plaintiff's theory of the case was that defendant was reckless in failing to warn users of the park of the inherent dangers of the springs. Plaintiff's party observed no warning signs along the route they followed to the springs. Thus, the location, as opposed to the wording of the signs, was primarily in issue. Still, that did not prevent the evidence from having a prejudicial impact.

On remand we conclude that the evidence prejudiced and therefore affected a substantial right of defendant. *See*

---

[1] Defendant argues that we need not reach this issue that the admission of the evidence was not erroneous because it went to the feasibility of erecting better warning signs and not to whether the remedial measure was an admission that it acted recklessly. It also argues that this was not a subsequent remedial measure because it did not know of plaintiff's accident when it erected new warning signs. We have already decided that the evidence was erroneously admitted. *See Van Gordon v. PGE Co., supra,* 64 Or App 135, 138, 667 P2d 532 (1983). We decline the invitation to reconsider the issue. Furthermore, the Supreme Court remanded the case solely for us to decide whether the evidence was prejudicial.

[2] OEC 103(1) provides in relevant part:

"* * * Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

*See Travis v. Unruh,* 66 Or App 562, 674 P2d 1192 (1984).

*Van Gordon v. PGE, supra,* 59 Or App at 756. The jury could have inferred that the changed wording of the signs constituted an admission by defendant that it had acted recklessly in the past. The new signs specifically warn of the danger to children of burns from the hot water, and they specifically warn parents to monitor their children's activities. The new warnings mirror the facts of the case before the jury. The evidence could have improperly influenced the jury. It was, therefore, prejudicial.

Reversed and remanded.[3]

**RICHARDSON, P. J.,** dissenting.

The Supreme Court remanded this appeal to us to determine whether the erroneous admission of evidence of the post-accident change in the language on defendant's warning signs was prejudicial under OEC 103. I question whether the test the majority applies—"[t]he evidence *could* have improperly influenced the jury" (emphasis supplied)—is the correct one for differentiating between prejudicial and harmless error under a provision that expressly eliminates the presumption of prejudice that existed under Oregon case law.

Be that as it may, I adhere to the view expressed in my earlier dissent in this case, 64 Or App 135, 138-39, 667 P2d 532 (1983), that the improperly admitted evidence, *viewed in relationship to the facts and other evidence in the case,* could not reasonably lead a jury to infer that defendant's change in the warning language on the signs was an admission of antecedent recklessness. I noted in my earlier dissent, among other things:

■ The language on the signs had nothing to do with the injury. The evidence showed that the location of the signs made it impossible for plaintiff's adult companion to read them from the path the party followed to the springs.

■ Defendant was unaware of plaintiff's injury at the time it changed the warning language, and the jury therefore *could not* reasonably infer that the change was an implied admission of earlier recklessness in connection with the injury.

---

[3] We reaffirm our conclusion, 64 Or App 135 n 1, that the judgment in favor of third party defendants Barker is final and conclusive.

■ The evidence that the warning language had *in fact* been changed supported no inference adverse to defendant that was not supported independently by other evidence that was properly received. *See* 64 Or App at 138.

For those reasons and the others stated in my earlier opinion, I again dissent.